**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GEOFFREY H. ANDERSON,**

    Plaintiff,

vs.                                             Case No. 4:09cv134-RH/WCS

**ANDREW DAWSON,**
**et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Defendants Campbell, Bennett, Dawson, and Ruth filed a motion to dismiss, doc. 66, on January 11, 2011. The *pro se* Plaintiff was directed to file a response, doc. 68, and his response was timely filed. Doc. 69. Defendants filed several exhibits in support of the motion, doc. 66, and Plaintiff also filed a multitude of exhibits, doc. 70, but those are not relevant to the issues raised in the motion to dismiss, going instead to the merits of Plaintiff's case.

Defendants assert that this case should be dismissed because Plaintiff has twice failed to appear for his deposition (scheduled for November 29, 2010, and January 10, 2011). Doc. 66. Dismissal is sought pursuant to Rule 37(d)(1)(A) and Rule 41(b). *Id.*

Plaintiff currently resides in Groveland, Florida. Doc. 66, p. 1; doc. 57 (notice of change of address dated October 28, 2010). On November 10, 2010, counsel for Defendants sent a notice of taking deposition to "Plaintiff via overnight FedEx delivery *and regular U.S. Mail*, scheduling the Plaintiff's deposition on November 29, 2010 in Tallahassee, Florida." *Id.* (emphasis added). Counsel also requested that Plaintiff provide her with a telephone number so she could contact him. *Id.*, at 1-2. The FedEx delivery was made on November 11, 2010, at 12:45 p.m., but Plaintiff did not contact counsel, nor did Plaintiff provide her with a telephone number. *Id.*, at 2; *see* Defendants' Ex. A.

Eleven days later, on November 19, 2010, Plaintiff filed an Objection to Defendants' notice of taking deposition. Doc. 60. Plaintiff attached a copy of the letter and the notice scheduling the deposition in Tallahassee on November 29, 2010. Doc. 60, p. 1 and Ex. A. Plaintiff argued that the deposition "<u>must</u> be taken at a time and location convenient to the Plaintiff, <u>not</u> the Defendants or their counsel." Doc. 60, pp. 1-2. He argued that a location in Tallahassee was "unreasonable and impossible" due to his indigency. *Id.*, at 2.[1] Defendants' letter to Plaintiff from opposing counsel, dated November 9, 2010, stated that counsel needed to take Plaintiff's deposition prior to the end of the discovery period. *Id.*, at 4. Counsel said that given the "impending deadline and [counsel's] inability to contact [Plaintiff] in any way other than through the U.S. Mail," counsel took "the liberty of scheduling [Plaintiff's] deposition for November 29,

---

[1] At that time, discovery was to have been completed by December 1, 2010, just 11 days later. Plaintiff objected to any extension of the discovery period. Doc. 60, p. 2.

2010." *Id.* The letter provided a phone number and requested Plaintiff contact her upon receipt "to advise that[ Plaintiff] received this notice." *Id.*

Plaintiff also attached to his Objection a letter, dated November 15, 2000, which he sent to opposing counsel. Of relevance is Plaintiff's statement that, "I find your last-minute effort to schedule my deposition, to be simply a ruse." Doc. 60, p. 7. Plaintiff said he would file an objection to the notice, which was filed as document 60, and on November 24, 2010, Defendants responded to Plaintiff's objection, stating that Plaintiff was requested to contact counsel by telephone to coordinate the deposition. Doc. 62, p. 2. Had Plaintiff done so, any objection to the date or time of the deposition could have potentially been resolved. *Id.*

I did not enter a protective order. Counsel for Defendants appeared at the scheduled date and time (November 29, 2010, at 11:00 a.m.) and Plaintiff failed to appear. Doc. 66, p. 2 and Ex. B.

I entered an order on December 6, 2010, noting Plaintiff's objection, but finding that twenty days notice for the deposition was sufficient notice, and considering Plaintiff was unemployed, the amount of notice should have been reasonable for Plaintiff to have attended. Doc. 63, p. 2. Plaintiff's attention was directed to Rule 26.2 which states, as a matter of policy, that "the deposition of a non-resident plaintiff may be taken at least once in this district." Doc. 63, p. 2, *quoting* N.D. Fla. Loc. R. 26.2(C)(2). Finding the notice sufficient and reasonable, and Plaintiff's objection lacking merit and good faith, the order stated, "Defendants are entitled to take Plaintiff's deposition in Tallahassee." *Id.* Since the date for the deposition had passed, the deposition was to be rescheduled, and Plaintiff was ordered to "cooperate in good faith to consult with

opposing counsel for the date and time." *Id.* The discovery deadline was extended to January 17, 2011, so Defendants could take Plaintiff's deposition in Tallahassee. Doc. 63, pp. 3-4.

That order should have resolved the issue of where the deposition was to be held. It did not. On December 7, 2010, counsel for Defendants sent a letter to Plaintiff "via certified mail and regular mail at this last known address" enclosing a copy of my order and providing 17 dates when counsel was available to take Plaintiff's deposition in Tallahassee and asking Plaintiff to contact counsel immediately and provide a telephone number or email address where he might be reached. Doc. 66, p. 3; Defendants' Ex. C. Twenty days later, on December 27, 2010, when counsel had not heard from Plaintiff, counsel scheduled Plaintiff's deposition for January 12, 2011, and notice was "sent to Plaintiff via overnight Federal Express delivery and regular U.S. Mail." *Id.*, at 3. Notice was delivered by FedEx "on December 28, 2010, at 11:29 a.m." *Id., citing* Ex. D.

On December 30, 2010, an amended notice of deposition was sent to Plaintiff, moving forward the date of Plaintiff's deposition from January 12, 2011, to January 10, 2011. The amended notice was delivered by FedEx ("left at front door") on December 31, 2010, at 12:41 p.m. Doc. 66, p. 3 and Ex. E.

On January 5, 2011, counsel for Defendants received her December 7, 2010, letter to Plaintiff which was returned marked "unclaimed, unable to forward." Doc. 66, p. 3; *see* Defendants' Ex. F. Markings on the certified mail return indicate that three additional attempts were made to deliver the letter to Plaintiff on December 13, 2010, December 18, 2010, and December 28, 2010. *Id., see* Defendants' Ex. F.

Counsel for Defendants appeared on January 10, 2011, for Plaintiff's scheduled deposition and waited 30 minutes for Plaintiff, who failed to appear. Doc. 66, p. 3. Another Certificate of Non-Appearance was prepared by the Court Reporter. *Id., citing* Ex. G. Plaintiff "made no attempt to consult" with opposing counsel to schedule his deposition. *Id.*, at 3-4. Plaintiff failed to provide counsel "with a phone number or email address with which to contact him." *Id.*, at 4. Defendants incurred expenses for the two missed depositions of $815.00 (attorney fees) and $180.00 (court reporter's fees) due to Plaintiff's failure to participate in discovery. *Id.*, at 4.

Plaintiff filed his response to the motion to dismiss on January 28, 2011, asserting he "is currently homeless in Lake County, Florida" and states he "<u>never</u> received any alleged 'FedEx delivery on November 11, 2010, at 12:45 pm' as" stated by opposing counsel. Doc. 69, p. 1. Plaintiff points out that Defendants' supporting Exhibit A shows only that FedEx left the delivery "at front door." Doc. 69, pp. 1-2. Notwithstanding Plaintiff's argument, ten days before the deposition Plaintiff filed Objections[2] to that first notice of deposition. *See* doc. 60. This conclusively establishes that Plaintiff received the notice and was aware of the scheduled deposition, whether delivered personally to Plaintiff or left at the "front door" by FedEx. Doc. 69, pp. 1-2.[3]

---

[2] Plaintiff's address on the bottom of the Objections filed on November 19, 2010, is 410 Howey Road in Groveland, Florida 34736. Doc. 60, p. 3.

[3] Attached to Plaintiff's Objections was the letter from opposing counsel, dated November 9, 2010, stating that attached was the "Notice of Deposition" with the date and time for taking Plaintiff's deposition. *Id.* Only in the Notice does it state that the deposition would be taken in Tallahassee. *Id.*, at 5. Plaintiff has not explained how he would have known to complain in his objections that he should not be deposed in Tallahassee if he had not received the Notice, which he attached to his objections.

Counsel for Defendants appeared at the January 10, 2011, deposition in Tallahassee and Plaintiff did not show up. *Id.*, Ex. G. On January 11, 2011, Defendants filed this motion to dismiss. Doc. 66. Defendants state that they have incurred expenses of $815.00 in attorney's fees and $180 in court reporter fees for attendance at the two failed depositions. *Id.*, p. 4. They seek reimbursement of expenses of $995.00. *Id.*, p. 6.

Plaintiff does not dispute that he received the December 6, 2010, court order, doc. 63, informing him of court policy that permits a non-resident plaintiff's deposition to be taken at least once in this district. Doc. 69, pp. 2-3. Indeed, he refers to that order in his response to the motion to dismiss. Doc. 69, p. 2. I *ordered*: "Defendants may reschedule Plaintiff's deposition to be held in Tallahassee." Doc. 63, p. 4. Plaintiff was also ordered to "cooperate in good faith to consult with opposing counsel for the date and time" of his deposition. *Id.* I extended the discovery deadline to January 17, 2011, so that Plaintiff's deposition could be rescheduled. *Id.*, at 3. Plaintiff made no effort to coordinate with opposing counsel for the taking of his deposition until he sent counsel a letter "by mail" on January 7, 2011, and he did not appear in Tallahassee for his deposition as ordered.

Thus, twice Plaintiff has failed to appear for a deposition, and once he has violated my order to attend a deposition in Tallahassee. This violation of my order was preceded by abusive foot-dragging. On November 19, 2010, Plaintiff filed an objection to the deposition scheduled for November 29, 2010, but failed to confer with counsel for Defendants before filing that objection. Doc. 60. Plaintiff complained in his objections that counsel was trying to set a "last minute" deposition by giving him only 20 days

notice for the November deposition.  Doc. 60, p. 1.  Yet Plaintiff waited until January 7th, just 10 days before the expiration of the extended discovery deadline, to mail a letter to counsel concerning the rescheduled deposition.  Plaintiff did not act in good faith to communicate with counsel for Defendants in her efforts to schedule his deposition.

Plaintiff argues that counsel knows her letter was unsuccessfully delivered to Plaintiff, with three additional attempts made on December 13, 18, and 28, suggesting that Plaintiff was unaware of her effort to reschedule the deposition.  Doc. 69, p. 4.  It is true that the December 7, 2010, certified letter was "returned unclaimed" but it was unclaimed because *Plaintiff* did not sign for receipt of the certified letter.  Because Plaintiff did not provide counsel with a telephone number as requested, mail was the only option to reach him.  Counsel's letter was sent to Plaintiff's "last known address," which is Plaintiff's current address of record,[4] and has been since October 28, 2010.  If that is *not* the correct address, it was incumbent upon Plaintiff to have notified the Court and opposing counsel of the change.

The motion to dismiss reveals that letters were sent to "Plaintiff via certified mail ***and*** regular mail at his last known address . . . ."  Doc. 69, p. 3 (emphasis added).  While Plaintiff suggests he never received the certified mail, Plaintiff does *not* state that

---

[4] A notice of change of address was filed by Plaintiff on October 28, 2010, providing a new mailing address of 410 Howey Rd., in Groveland, Florida.  Doc. 57.  Plaintiff has not filed any another Notice of Change of Address.  The Clerk's Office, however, noted on the docket that when mail was received by Plaintiff on January 28, 2011, Plaintiff listed his return address on the envelope as "Geoffrey H. Anderson, Plaintiff-At-Large, Lake County, Florida."  Doc. 73.  The Clerk construed this as a notice of change of address, but "Plaintiff-At-Large" is not a sufficient address to serve documents by mail or other delivery methods upon Plaintiff.  Plaintiff's official address for this case remains as stated in doc. 57, in Groveland, Florida.

Case No. 4:09cv134-RH/WCS

he never received the regular mail.[5]  Furthermore, the notices of deposition were sent by FedEx *and* by regular mail to Plaintiff's address of record.  Plaintiff knew of the depositions.

Judicial notice is taken of other litigation in this Court involving Plaintiff.  *See* case number 4:09cv142-RH/WCS.  There, Plaintiff was sanctioned and ordered to pay $500 for failure to comply with court orders and failure to participate in.  Doc. 92 in that case.  In that case, the Court found that Plaintiff "has repeatedly flouted the orders and has made clear in his objections that he intends to continue to flout orders he thinks are incorrect."  *Id.*, p. 5.  The court found that Plaintiff's objections to my report and recommendation, doc. 85, "may be the single most contumacious filing I have seen in my years as a federal judge."  *Id.*, p. 4.  The court gave Plaintiff another chance in that case if he paid the $500 sanction by December 30, 2010, or, if he did not, filed an affidavit by that date setting forth all funds he received or spent in the last three months and showing that he is now unable to pay any part of the $500 sanction.  Doc. 92, pp. 6-7.

Plaintiff complied with that order.  Doc. 93 in that case.  Plaintiff asserts that after he was convicted and spent over two years in prison, he is disabled, homeless, receives food stamps, and other people have given him $273.25 to pay for copies of documents, but "no one wanted to pay the $500" or any part of it.  Affidavit attached to doc. 93.  Plaintiff said he had no money and no income, and would soon be homeless again.  *Id.*

---

[5] The record indicates that the "letters sent via regular mail" were not returned to sender.  Doc. 74, p. 2.

As a consequence of that affidavit, the Court remanded that case to me for further consideration. Doc. 94 in that case.

It is accepted, therefore, for this report and recommendation, that Plaintiff currently has no income other than food stamps and occasional gifts from others. Plaintiff has not shown, however, that he is incapable of working and earning income. Further, Plaintiff has not shown that he cannot find a way to come to Tallahassee and prosecute this case. Were this case to go to trial, the trial would take several days. Plaintiff would have to be here at least two and perhaps three nights. If he is able to do that, and one must assume that he can and intends to *since he has filed and litigated this suit with vigor*, he could make his way to Tallahassee for a deposition.

"The decision to dismiss a claim or enter default judgment 'ought to be a last resort-ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.' *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir.1986)." United States v. Certain Real Property Located at Route 1, Bryant, Alabama, 126 F.3d 1314, 1317 (11th Cir. 1997). "We have consistently held that while district courts have broad powers under the rules to impose sanctions for a party's failure to abide by court orders, dismissal is justified only in extreme circumstances and as a last resort." Wouters v. Martin County, Fla., 9 F.3d 924, 933-934 (11th Cir. 1993) (citations omitted), *cert. denied*, 513 U.S. 812 (1994). "Dismissal with prejudice is not proper unless 'the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct.'" Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006), *cert. denied*, 549 U.S. 1228 (2007).

A litigant's financial condition must be considered when determining the willfulness of disobedience to a discovery order. However, "[i]f a pro se litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant. Courts can assess costs and monetary sanctions against IFP litigants." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Moon cautioned that it might be an abuse of discretion to dismiss for failure to pay, but noted that even though a plaintiff has been granted *in forma pauperis* status:

> If a plaintiff has incurred sanctions for misconduct, a more stringent standard for allowing him to proceed with his case is appropriate because he has been given access to the courts and has abused that privilege. No one should be permitted to misuse the courts with impunity.

*Id.*, at 838.

Moon was revisited in Taylor v. Taylor, 133 Fed.Appx. 707 (11th Cir. 2005) (not selected for publication in the Federal Reporter, No. 04-14277). While this is not a published opinion, the reasoning is persuasive here. In Taylor, the plaintiff had been granted permission to proceed *in forma pauperis*. He had appeared at his deposition but essentially refused to answer questions. A monetary sanction (an order to pay defendant's expenses) was imposed. When he failed to pay the sanction, his complaint was dismissed. The plaintiff then came forward with additional evidence concerning his financial status, declaring that he was indigent and could not pay the sanction. *Id.*, at *709-710. The court found that this adequately established his inability to pay. *Id.*, at *710. The court held that the trial did not err in imposing the monetary sanction, but reversed and remanded so that the trial court could determine whether plaintiff had a bona fide inability to pay and to consider lesser sanctions. *Id.*

The issue is whether this case may continue in the absence of a deposition of Plaintiff in Tallahassee. Local Rule 26.2(c)(2) states in part: "it is the policy in this district that the deposition of a non-resident plaintiff may be taken at least once in this district." Plaintiff must come to Tallahassee for several days for a trial. Defendants could take Plaintiff's deposition by telephone, but a telephone deposition is not the same as a deposition in person. A deposition in person allows counsel for Defendants and Defendants themselves to assess the demeanor of Plaintiff and weigh their chances of success at trial. Evaluation of the potential trial outcome is an essential step in the decision of whether to offer a settlement.

Further, a deposition in person gives counsel for Defendants a better chance to see the Plaintiff as he testifies and to evaluate his body language. Tell-tale signs of evasion sometimes are clear when a witness testifies in person, but pass undetected when the examiner has only a voice over a telephone. A lawyer is trained to alert to evasion, and to pursue the line of inquiry until the answer is truly nailed down. The ability to do this is lost when the deposition is by telephone.

Plaintiff is a crucial witness in this case. He has made very serious charges against Defendants. He alleges that he was placed in an isolation cell after arrest, and was forced to submit to a breathalyzer test. Doc. 18, p. 8. Plaintiff also alleges that following that arrest, he was sent to Florida State Hospital, apparently to evaluate his mental condition. Doc. 10, p. 10. It is evident from the documents in this case and case number 4:09cv142-RH/WCS that the claims in both cases involve violent encounters with law enforcement officer. It is essential in this case that counsel for Defendants encounter Plaintiff face-to-face in a deposition.

Federal Rule of Civil Procedure 37(b)(2) provides there where a party "fails to obey an order to provide or permit discovery," the court may impose one of the listed sanctions. Monetary sanctions are not available because Plaintiff has very little money. Defendants should not be put to the expense of a deposition where Plaintiff resides, and Plaintiff cannot pay for that solution. The sanction of directing that matters embraced in the order are taken as true and established is not applicable as the order to attend a deposition in Tallahassee did not embrace any evidentiary matters. A sanction of prohibiting Plaintiff from introducing evidence through his own testimony is possible, but that sanction is the same as dismissal of the complaint with prejudice. The sanction of striking pleadings is possible, but the only fair sanction would be to strike the entire complaint. There is no fair way to dismiss claims against some Defendants and not others, or to dismiss some claims and not others. Plaintiff could be held in contempt, but that is a cumbersome process and does not address the problem.

The sanction of staying proceedings until Plaintiff comes to Tallahassee for his deposition has been tried and did not work. Discovery was extended to January 17, 2011, and Plaintiff still failed to attend his deposition as ordered. Nonetheless, the sanction of dismissal is the last resort. I recommend, therefore, that the court give Plaintiff one last chance. The case should be stayed for 60 days and Plaintiff should be ordered again to come to Tallahassee for a deposition as scheduled by Defendants. The court should further order that if Plaintiff fails to obey that order, the complaint will be dismissed with prejudice.

Further, Defendants should be awarded their expenses of $995.00. Plaintiff may not have a current ability to pay, but he might in the future. The sanction at this point is justified. Taylor, *supra*.

Accordingly, it is **RECOMMENDED** that Defendants' motion to dismiss, doc. 66, be **DENIED**, but that pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iv), the court again **ORDER**: (1) that the case be stayed for 60 days except for the taking of Plaintiff's deposition in Tallahassee; (2) that Plaintiff attend a deposition in Tallahassee as unilaterally scheduled by Defendants at some time during the 60 day period; (3) that Plaintiff be warned that if he again fails to appear for his deposition in Tallahassee, his complaint will be dismissed with prejudice; (4) and that Plaintiff immediately pay Defendants $995.00 as expenses for attending the failed deposition.

**IN CHAMBERS** at Tallahassee, Florida, on March 9, 2011.

 S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**