IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GEOFFREY H. ANDERSON,

    Plaintiff,

v.                                      CASE NO. 4:09cv134-RH/WCS

ANDREW DAWSON et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

    This case is before the court on the report and recommendation, ECF No. 106, and the objections, ECF No. 109. The objections are contumacious in tone. The plaintiff has a right to litigate his claims fully and fairly, but he has no right to belittle the magistrate judge or others involved in the judicial process. The practice must stop.

    I have reviewed *de novo* the issues raised by the objections. This order directs the entry of a judgment ending the litigation on the grounds summarized below. A full description of the claims and their deficiencies is set out in the report and recommendation. The bottom line is this: the defendants are entitled to

dismissal of, or summary judgment on, all of the plaintiff's federal claims, and I decline to exercise supplemental jurisdiction of any remaining state-law claims. *See* 28 U.S.C. § 1367(3).

The plaintiff alleges his constitutional rights were violated while he was detained in the Leon County Jail. He seeks relief under 42 U.S.C. § 1983 and state law. The fourth amended complaint names seven defendants, all in their official and individual capacities: Sheriff Larry Campbell, jail administrator Carl Bennett, booking officer Tim Ruth, breathalyzer operator Andre Dawson, nurses Edith Brandt and Jennifer Frost, and physician's assistant J. McFarland.

Sheriff Campbell is entitled to summary judgment on the § 1983 official-capacity claims because the plaintiff has not met the standards for imposing official-capacity liability on a Florida sheriff. A sheriff, like a city, can be held liable under § 1983 for an individual officer's violation of a person's constitutional rights only if (1) the violation was based on a sheriff's-department policy or custom or (2) the employee is one whose edicts or acts may fairly be said to represent official policy. *See*, *e.g.*, *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). The plaintiff has presented no evidence that would support a judgment in his favor on either of these grounds, even if, as the plaintiff alleges, his constitutional rights were violated at the jail.

The official-capacity claims against the other defendants are redundant to the claims against the Sheriff and are properly dismissed on this basis. *See*, *e.g.*, *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (approving the dismissal of official-capacity defendants whose presence was merely redundant to the naming of an institutional defendant). If not dismissed on this basis, summary judgment would be proper for these defendants, just as for Sheriff Campbell.

Sheriff Campbell and Mr. Bennett are entitled to summary judgment on the individual-capacity claims because the undisputed evidence establishes that they were not personally involved in any way with the events at issue. The plaintiff apparently admits this, explicitly abandoning these claims in response to the summary-judgment motion.

Mr. Ruth and Mr. Dawson are entitled to summary judgment because the plaintiff has presented no evidence that they violated the plaintiff's constitutional rights in any respect, or conspired or cooperated with anyone who did so. Mr. Ruth booked the plaintiff into the jail. Mr. Dawson unsuccessfully attempted to administer a breathalyzer. The plaintiff had no constitutional right not to be booked, and no constitutional right to take—or not to be asked to take—a breathalyzer.

An earlier order granted the plaintiff's consented motion to voluntarily dismiss his claims against Ms. Frost, but a Federal Rule of Civil Procedure 54(b) judgment was not entered. Judgment now should be entered.

The plaintiff did not effect service of process on Ms. Brandt or Mr. McFarland. The claims against them are properly dismissed for failing to serve process by the deadline, *see* Fed. R. Civ. P. 4(m), and for failure to prosecute. The report and recommendation provided any notice required Rule 4(m).

For these reasons, as further supported by the report and recommendation,

IT IS ORDERED:

The report and recommendation is ACCEPTED. The summary-judgment motions, ECF Nos. 94 and 95, are GRANTED IN PART. The clerk must enter judgment stating:

> Judgment on the merits on the federal claims is entered in favor of the defendant Larry Campbell in his official and individual capacities and in favor of the defendants Carl Bennett, Tim Ruth, and Andrew Dawson in their individual capacities. Those claims are dismissed with prejudice. The state-law claims against Mr. Campbell, Mr. Bennett, Mr. Ruth, and Mr. Dawson are dismissed based on the discretionary decision not to exercise supplemental jurisdiction. The federal official-capacity claims against Mr. Bennett, Mr. Ruth, and Mr. Dawson are dismissed as redundant. The claims against the defendants Edith Brandt and J. McFarland are dismissed without prejudice for failure to service process and failure to prosecute. The claims against the defendant Jennifer Frost and all defendants named in prior versions of the plaintiff's complaint—including Holly Lofland, Jerry Dent, Deborah Linton, Harvery Carruth, and Kim Peterson—are voluntarily dismissed under Federal Rule of Civil

Procedure 41(a).  Any other claims against any other defendants are dismissed.

The clerk must close the file.

SO ORDERED on November 28, 2011.

                                              s/Robert L. Hinkle
                                              United States District Judge